Hewins *v.* Currier.

---

CHARLES HEWINS *vs.* RUFUS O. CURRIER and another.

*Bail bond—what is. Debt does not lie upon it.*

An action of debt will not lie on a statute bail bond in this State; *scire facias* being the only remedy.

A bail bond is not inefficacious as a statute bond, in which the condition is that the debtor shall "abide, do and perform the judgment;" these words meaning no more than that he shall "abide" the judgment obtained.

ON EXCEPTIONS.

DEBT on a bond given to the plaintiff, as sheriff of the county, in order to obtain the release of Currier from arrest upon a writ in favor of Silas Burbank. Submitted to the presiding justice with leave to except. A nonsuit was ordered upon the ground that this was a bail bond and *scire facias* the exclusive remedy upon it. The plaintiff excepted. He contended that debt in the name of the officer, and *scire facias* by the creditor were concurrent remedies; also that this was not a statute bail bond because it was conditioned that "Rufus O. Currier shall appear and answer unto said writ or process, and shall abide, do and perform the judgment of the said Supreme Judicial Court or the judgment of any other court before whom the said process shall in due course of law be finally determined, and shall not avoid, then the above obligation to be void: otherwise to remain in full force."

*E. Kempton,* for the plaintiff.

*E. F. Pillsbury,* for the defendants.

PETERS, J.   The plaintiff contends that an action of debt in the name of the sheriff will lie on a bail bond, and that *scire facias* in the creditor's name, as provided by statute, is not an exclusive but concurrent remedy only.

It is correctly asserted that this question has not been directly settled in any reported case in this State.   In the opinion, in *Hale v. Russ*, 1 Maine, 336, argued in 1821, Chief Justice Mellen alludes to *scire facias* as the proper remedy, and this position was regarded of some importance, though not at all conclusive in the decision of that case.   The statement of that eminent jurist is valuable, at least, as indicating what the general practice and opinion were at that early period.   In *Packard v. Brewster*, 59 Maine, 404, it is stated that *scire facias*, and not debt, is the proper remedy upon a bail bond, although the point was not by counsel urged, or by the court regarded as indispensable to the decision of the case.   *Longley v. Adams*, 40 Maine, 125, relied on by the plaintiff, as an indirect authority in his favor, was an action of debt upon a bail bond, where the question, whether debt would lie in such a case, does not appear to have arisen ; nor was there need of it, as the case was settled upon a point which would put an end to the plaintiff's claim in that or any other form of action.

The point in issue has been decided in Massachusetts and New Hampshire, adversely to the plaintiff, in carefully considered opinions in cases arising upon statutes, in all material respects substantially, if not precisely, like our own.   *Crane v. Keating*, 13 Pick., 339 ; *Niles v. Drake*, 17 Pick., 516 ; *Gale v. Boyle*, 6 Cush., 138 ; *Pierce v. Reed*, 2 N. H., 359.

It seems that the old English bail system was never fully adopted in this State, in which respect our legislation is a copy of the statutes of Massachusetts.   While in the common law practice there were two sorts of bail, one to the officer to appear at court, and one to the party there after appearing, a system of bail below and bail above imposing complications and burdens ; the legislature in this State, following the practice in Massachusetts, established a single bail bond, running to the officer for the benefit of

the creditor, which combines the properties of both kinds of bail at common law; a proceeding more comprehensive and less complicated than that of the common law, and designed to be more beneficial to all concerned. In the statutes regulating the subject, it is provided that a creditor shall be entitled to a writ of *scire facias* against bail, and it is apparent enough that the design was that there should be no other remedy.

It is provided by statute that a writ of *scire facias* must be sued out against bail within a year from the rendition of judgment against the principal. This limitation is imposed upon that form of remedy, upon the supposition that there is no other. If debt lies, the debtor would lose the exact benefits designed by the statute to be conferred, as it could be brought any time within six years after the cause of action accrued.

It is further provided, that the bail may discharge themselves by a surrender of the principal before final judgment on the *scire facias;* while no such provision is made to apply in an action of debt. This omission creates the strongest implication that the latter remedy does not exist. It is impossible that such a boon would be allowed to bail in one, and not in another form of remedy. In fact, the remedy by *scire facias* was exclusively adopted for the reason, that it was exactly suited to make practicable those improvements upon the common law practice sought to be attained. The plaintiff argues that the remedy by debt is inferentially established or admitted, by the clause in the statute which provides that the bail, under the plea in *scire facias* that they never became bail, may avail themselves of any defence which would avail them in an action of debt on the bond, on a plea that it is not their bond. But this is to ensure the bail, who are now required to answer only in *scire facias*, all the latitude of defence in that form of proceeding which they could possibly have in any other.

But, if a statute bond cannot be sued in an action of debt by an officer, it is contended that the action may be maintained upon the ground that this is not a statute, but a common law bond, because more onerous conditions are undertaken by the bail than

Hewins v. Currier.

the statute imposes upon them ; and, that the extra obligations consist in the words "do and perform" contained in the condition that the principal shall "abide, do and perform the judgment &c. and not avoid ;" and in the undertaking to abide the judgment "of any other court before whom the said process shall in due course of law be finally determined."

The instrument upon inspection appears to be strictly the copy of a form which was used for bail bond on mesne process for many years in this State, during the existence of the Common Pleas and District Courts, and found also in books of precedents and practice. The counsel for plaintiff argues that to "do and perform" means to pay. It is unreasonable to suppose that the defendants were aware of their making such a covenant as that. The words mean rather "to submit to," "to stand to" or "to abide." They are evidently an useless iteration, and at most perhaps an inaccuracy of language, employed to add force and expression to the idea conveyed by the words "to abide." "To abide, do and perform and not avoid" are no more than to "abide and not avoid." The contract of bail is in effect, that the debtor shall pay the judgment, or surrender his body to be taken, or that the bail shall pay the debt. If the debtor gives the creditor the means of taking his body in execution, he does "abide, do and perform the judgment and not avoid" in the meaning of those words in the covenant of his bond. It is not an illegal condition to agree to abide the judgment of any court other than this, before which in due course of law the original action might be finally determined, although in the present arrangement of our judicial administration a perfectly harmless and insensible one.

Our consideration of any other questions, presented in the arguments, is unnecessary.      *Exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.